UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 08-CV-81565-HURLEY/HOPKINS

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

CREATIVE CAPITAL CONSORTIUM, LLC, et al.,

Defendants.
_____/

### FINAL JUDGMENT OF DISGORGEMENT, PREJUDGMENT INTEREST AND CIVIL PENALTY AS TO DEFENDANT GEORGE L. THEODULE

Plaintiff Securities and Exchange Commission commenced this action by filing its Complaint against, among others, Defendant George L. Theodule. In its Complaint, the Commission sought, among other relief against Theodule, a permanent injunction to prohibit violations of Section 10(b) and Rule 10b-5 of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5; disgorgement and prejudgment interest; and a civil penalty pursuant to Section 21(d) of the Exchange Act, 15 U.S.C. § 78(d)(3).

Theodule, by virtue of the attached Consent, having entered an appearance and consented to the Court's jurisdiction over him and over the subject matter of this action, has consented to entry of this Final Judgment of Disgorgement, Prejudgment Interest, and Civil Penalty as to Defendant George L. Theodule ("Final Judgment") without admitting or denying the allegations of the Complaint (except as to subject matter and personal jurisdiction, which he admits); waived findings of fact and conclusions of law; and waived any right to appeal from the Final Judgment. This Court having accepted such Consent, having jurisdiction over Theodule and the subject matter of this action:

I.

## DISGORGEMENT, PREJUDGMENT INTEREST, AND CIVIL PENALTY

**IT IS ORDERED AND ADJUDGED** that Theodule is liable for disgorgement of $5,099,512, prejudgment interest on disgorgement of $202,638, and a civil money penalty of $250,000 pursuant to Section 21(d) of the Exchange Act, 15 U.S.C. § 78(d)(3), for which let execution issue. Theodule shall satisfy the Final Judgment by paying $5,552,150 within thirty days of entry of the Final Judgment by certified check, bank cashier's check, or United States postal money to the Clerk of the Court of the Southern District of Florida, accompanied by a cover letter identifying Theodule as a defendant in this action, setting forth the title and case number of this action and the name of the Court, and stating that payment is made pursuant to the Final Judgment. Theodule shall simultaneously transmit copies of the payment and the letter to Robert K. Levenson, Regional Trial Counsel, Securities and Exchange Commission, 801 Brickell Avenue, Suite 1800, Miami, Florida, 33131. By making this payment, Theodule relinquishes all legal and equitable right, title and interest in the funds being paid, and no part of those funds shall be returned to him. Theodule shall pay post-judgment interest on any delinquent amounts due under the Final Judgment pursuant to 28 U.S.C. § 1961.

The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS"). These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order of the Court. In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the

income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States.

Theodule shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts he pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part of them are added to a distribution fund or otherwise used for the benefit of investors. Theodule further shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts he pays pursuant to the Final Judgment.

The Commission may, by motion, propose a plan to distribute the funds Theodule pays. Such a plan may provide that the funds shall be distributed pursuant to the Fair fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, the civil penalty shall be treated as a penalty paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Theodule shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on his payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of his payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Theodule shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil

penalty imposed in this action. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Theodule by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

II.

## INCORPORATION OF THEODULE'S CONSENT

**IT IS FURTHER ORDERED AND ADJUDGED** that the Consent of Theodule is incorporated herein with the same force and effect as if fully set forth herein, and that Theodule shall comply with all of the undertakings and agreements set forth herein.

III.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED AND ADJUDGED** that the Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

IV.

## CERTIFICATION UNDER RULE 54(b)

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

**DONE AND ORDERED** in chambers at West Palm Beach, Florida this 25 day of March, 2010.

_____
THE HONORABLE DANIEL T.K. HURLEY
UNITED STATES DISTRICT JUDGE

Copies to all counsel and parties of record